Issued by the
# UNITED STATES DISTRICT COURT
Northern DISTRICT OF California

**In Re Ex Parte Application Of American Petroleum Institute For Order To Obtain Discovery For Use In Foreign Proceedings**

**SUBPOENA IN A CIVIL CASE**

PENDING IN THE PEOPLE'S REPUBLIC OF CHINA (PURSUANT TO 28 U.S.C. § 1782 (A))

TO: Google Inc.
1600 Amphitheatre Parkway
Mountain View, CA 94043

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule A

| PLACE Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>Stanford Research Park<br>3300 Hillview Avenue<br>Palo Alto, California 94304 | DATE AND TIME<br>February __, 2010 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE

Attorney for American Petroleum Institute
ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A FOR RULE 45 SUBPOENA TO GOOGLE

## DEFINITIONS AND INSTRUCTIONS

A. The following definitions apply to all of American Petroleum Institute's document requests:

(1) The term "Google" means "Google Inc."

(2) "YOU" or "YOUR" means Google.

(3) "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process, or written or produced by hand, and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in YOUR possession, custody, or control. A draft or non-identical copy is a separate document within the meaning of this term.

(4) "Person" is defined as any natural person or any business, legal, or governmental entity or association.

(5) "Engineeringsky" shall mean the business located at the web site "engineeringsky.com," Foshan City Shunde District Idear4business Network Engineering

1

Service Co. Ltd., Simon CHEN (CHEN Qingchong), YANG Yong, and any other Person who owns, operates, or purchases advertising for the web site located at "engineeringsky.com."

(6) "Publisher's Websites" are the websites that may or may not be owned or operated by Engineeringsky on which a sponsored-link advertisement for Engineeringsky appears via a Google service.

(7) "Publishers" are the owners of the Publisher's Websites.

B. Where a request seeks documents sufficient to identify a person and/or its contact information, that request seeks documents sufficient to identify the person's name, title, address, e-mail address, and telephone number.

C. The following rules of construction shall apply to all of API's discovery requests:

(1) The terms "all" and "each" shall be constructed as all and each.

(2) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

(3) The use of the singular form of any word shall include within its meaning the plural form of the word, and vice versa.

(4) The use of the masculine form of a pronoun shall include also within its meaning the feminine form of the pronoun so used, and vice versa.

(5) The use of any tense of any verb shall include also within its meaning all other tenses of the verb so used.

D. Where an objection is made to any document request, or sub-part thereof, under Fed. R. Civ. P. 34, state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, will be waived.

E. Where a claim of privilege or work product is asserted in objecting to an document request, or sub-part thereof, and an answer is not provided on the basis of such assertion, the attorney or party asserting the privilege shall in the objection to the interrogatory or document request, or sub-part thereof, identify the nature of the privilege being claimed; and provide the following information, unless divulgence of the information would cause disclosure of the allegedly privileged information:

(1) For documents:

(a) the type of document;

(b) general subject matter of the document;

3

        (c)      the date of the document; and

        (d)      such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, each addressee of the document, and the relationship of the author to the addressee.

    (2)      For oral communications:

        (a)      the name of the person making the communication, the names of persons present while the communication was made, and the relationship of these persons;

        (b)      the date and place of communication; and

        (c)      the general subject matter of the communication.

F.      If any requested document is asserted to contain confidential business information, so designate and produce such document, and, that done, API agrees it will limit the disclosure of such document to its outside counsel working on this matter, until such time as an appropriate protective order is entered or the Court rules that the document is not entitled to confidential treatment.

G.      Electronically stored information shall be produced in PDF form.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Documents sufficient to identify all of Engineeringsky's sponsored-link advertisements distributed by Google.

2. Documents sufficient to identify the amount and dates of Engineeringsky's payments to Google.

3. Documents sufficient to identify the search terms that generated Google's display of the Engineeringsky's sponsored-link advertisements on Google's main google.com website.

4. Documents sufficient to identify the domain names which identify the Publishers' Websites on which Engineeringsky's sponsored-link advertisements appeared and/or appear.

5. Documents sufficient to identify the Publishers' names and contact information, including, but not limited to, the Publishers for the apistandards.com website.

6. Documents sufficient to identify the amounts of Google's payments to each of the Publishers, including, but not limited to, the Publishers for the apistandards.com website.