# Complaint

( English translation for reference )


**Plaintiff: American Petroleum Institute ("API")**

Domicile: 1220 L Street, NW Washington, DC 20005-4070 USA

Legal Representative: Harry M. Ng, Vice President and General Counsel

Attorney: WANG Zheng, XIANG Fei, Attorney from Beijing East IP Law Firm

Telephone: 86-10-8518 9318


**First   Defendant:   Foshan   City   Shunde   District   Idear4business   Network
Engineering Service Co. Ltd.**

Domicile: 1st F/ Hai Tong Ju No.103, Rong Gui Wei Hong Fu Hua Rd. No.20, Shunde
District, Foshan City.

Postal Code: 528303

Legal Representative: CHEN Qingchong

Telephone: 86-757-28626114, 86-13923278376


**Second Defendant: Simon CHEN (CHEN Qingchong), Male**

ID Card No.: 440681198603115974

Date of Birth: March 11, 1986

Address: No.15xiang RongLi RongGui ShunDe District, Foshan City.

Telephone : 86-757-28626114, 86-13923278376


**Third Defendant: YANG Yong, Male**

ID Card No.:512921197604191819

Date of Birth: April 19, 1976

Address 1: He Tang Yue Se, Hong Guang Town, Pi County, Chengdu City.

Address 2: 8th F/ No.13, Building 1, Shu Han Rd. No. 518, Jin Niu District, Chengdu
City.

Telephone: 13228161345

**Cause of Action:**

Copyright Infringement and Unfair Competition Dispute

**Claims :**

1. The three Defendants shall immediately cease any act of infringing upon copyright
   of API, and delete API Recommended Practice 2A-WSD on the website
   www.engineeringsky.com.
2. The three Defendants shall jointly compensate API for RMB167,090 (around
   US$23,900).
3. The three Defendants shall make a public apology statement with 300 to 500 words
   on the infringing website www.engineeringsky.com and the homepage of website
   www.idear4business.com for a period of three (3) months in order to eliminate the
   detrimental effects.
4. The three Defendants shall compensate API for the reasonable fees, and
5. The three Defendants shall bear all court fee of the litigation.

**Facts and Grounds:**

The Plaintiff, American Petroleum Institute ("API"), was founded on March 20, 1919.
It is the standards development organization accredited by the American National
Standards Institute ("ANSI"). The plaintiff has more than 400 corporate members
engaged in the development, production, transportation, refinery and sales of petroleum.
It has more than 800 clients in China. To date, the Plaintiff maintains almost 900
publications, including more than 500 API standards, which are widely used in the
world. American Petroleum Institute is the trade name of the Plaintiff. API is the
official acronym for the Plaintiff and its standard code. The Plaintiff has also
registered the relevant trademarks with the acronym of its trade name, such as mark
"API", mark "energy API" and "API Service" and used the marks above mentioned on

the relevant goods and services for a long term.

The business registration information of the first Defendant reveals that, its registered business address locates in Shunde District, Foshan City, and the company mainly engages in Computer Network Engineering Service (Internet Access Service not included), while the second Defendant is the legal representative of the first Defendant.

The Plaintiff notices that, **without the Plaintiff's permission, the First Defendant and the Second Defendant disseminate through the jointed registered website www.engineeringsky.com a large number of the API Standards formulated and published by the Plaintiff at the price far lower than the normal price of the API standards, even though they are in the knowledge that the Plaintiff enjoys copyright over these API Standards, which are in violation of the fairness principle and good faith principle. The abovementioned copyright infringement standards were provided by the Third Defendant to the First Defendant and the Second Defendant.** The Plaintiff contends that, the three Defendants' abovementioned conducts have violated the *Chinese Copyright Law*, the *Regulation on the Protection of the Right to Network Dissemination of Information*, the *Chinese Anti-unfair Competition Law* and other relevant laws and regulations, and infringed the Plaintiff's copyright and constituted unfair competition. The three Defendants shall bear the corresponding civil liabilities. Therefore, the plaintiff has filed the litigation against the three Defendants with your court. The detailed facts and grounds are as follows:

## 1. The Plaintiff enjoys copyright on the API Standards formulated and published by itself.

The Plaintiff is an American entity, which has formulated and published a great number of API Standards, including "API Recommended Practice 2A-WSD, Recommended practice for planning, designing, and constructing fixed offshore platforms – Working

stress design, Twenty-first Edition" ("API Recommended Practice 2A-WSD").   API Recommended Practice 2A-WSD is intellectual creation with originality, and can be reproduced in a tangible form.   According to the *Berne Convention*, which China and US both are members of, and Article 2, Article 3 and Article 4 of the *Chinese Provisions on the Implementation of the International Copyright Treaties*, and Article 2 and Article 3 of the *Chinese Copyright Law*, AP1 Recommended Practice 2A-WSD constitutes foreign works that should be protected by Chinese copyright laws ("Copyrighted Works").

The Plaintiff has registered  API Recommended Practice 2A-WSD in the US Copyright Office/ the US Library of Congress, with the registration number TX 5-433-931.   The copyright registration information reveals that API Recommended Practice 2A-WSD is published on December 1, 2000 and the effective date for registration is August 22, 2001. In addition, the Copyrighted Works published by the Plaintiff is marked with copyright ownership statements.   According to Article 7 of the *Interpretation of the Supreme People's Court Concerning the Application of Laws in the Trial of Civil Disputes over Copyright*, this has sufficiently proved that the Plaintiff is the copyright owner of API Recommended Practice 2A-WSD.

## 2. The three Defendants are suspected of infringing the Plaintiff's legitimate copyright.

The Plaintiff has purchased API Recommended Practice 2A-WSD ("Infringing Standard") on the First Defendant and the Second Defendant's website www.engineeringsky.com ("Infringing Website") at the Notary Public Office through notarization.   T he Infringing Standard is illegally provided by the Third Defendant to the First Defendant and the Second Defendant, without permission from the Plaintiff. Based on the relevant evidences acquired by the Plaintiff, the Plaintiff contends that, the three Defendants' conducts have infringed the Plaintiff's legitimate right over the

Copyrighted Works, including the right to network dissemination of information, the right to copy, and the right to distribution.

Firstly, the domain name registration information shows that, the domain name registrant of the infringing website is "**idea4business, simon chen,** No.15xiang RongLi RongGui ShunDe Foshan, Canton, CN 528303, Phone: +86. 75728626114, Fax: +075728626114, Email Address: simomchen@hotmail.com", and the domain name administration contact information, the technical contact information, and the billing contact information are all the same.   Based on the above information, the domain name of the infringing website was jointly registered by the First Defendant and the Second Defendant.

Secondly, the evidences acquired by the Plaintiff through notarization reveals that, without the Plaintiff's permission, the first Defendant and the Second Defendant massively disseminate the Plaintiff's Copyrighted Works, including the Infringing Standard, at the price far lower than the normal price of the API standards, seek for illegal benefits through selling the electronic version of  AP I Recommended Practice 2A-WSD, intentionally mislead the relevant public, damage and reduce the Plaintiff's chance of fair trade, and cause harm to the Plaintiff's legitimate interests by illegal means.

Thirdly, without the Plaintiff's permission, the Third Defendant had published the Plaintiff's Copyrighted Standards, including API Recommended Practice 2A-WSD, which he acquired during the working period at FMC Technologies, on his registered website buycodes.net.   The Plaintiff learnt of the Third Defendant's infringing acts, and purchased the corresponding .pdf versions of these infringing standards on buycodes.net.   Through technical means, the Plaintiff found that these pdf versions of the infringing standards are the same with API Recommended Practice 2A-WSD provided by the Plaintiff to FMC Technologies.   The Plaintiff negotiated with the Third Defendant's employer FMC Technologies.   Then, the corresponding infringement

contents were removed from the buycodes.net website. However, the Plaintiff later found that the Third Defendant had provided these infringing standards, including API Recommended Practice 2A-WSD, even including the format and layout of the infringing contents selling web pages, to the First Defendant and the Second Defendant, for the two Defendants to publish on their website engineeringsky.com, and sell the infringing contents for illegal interests.

## 3. The three Defendants' infringement conducts are extremely severe, which have caused great loss to the Plaintiff, and therefore the three Defendants should bear corresponding liabilities.

The Plaintiff's Copyrighted Works have obviously marked that the Plaintiff is the copyright owner of its works. Therefore, the three Defendants know and/or should know that the Plaintiff enjoys legitimate right and interest over API Recommended Practice 2A-WSD. Under such circumstance, they still conduct the infringing acts above-mentioned, which clearly reveal their bad faith.

At the same time, the infringing website clearly reveals that the three Defendants sell massive API's Copyrighted Works at the extremely low price on their website, and also clearly list API's normal price together with the selling price on the infringing website of each Copyrighted Works. The above facts prove that the three Defendants have violated Article 10 and Article 46 of the *Chinese Copyright Law*, Article 2 and Article 18 of the *Regulation on the Protection of the Right to Network Dissemination of Information*, Article 2 of the *Chinese Anti-unfair Competition Law* and other relevant laws and regulations, infringed the copyright of API and constituted unfair competition. In accordance with Article 47 and Article 48 of the *Chinese Copyright Law*, and Article 24, Article 25 and Article 26 of the *Interpretation of the Supreme People's Court Concerning the Application of Laws in the Trial of Civil Disputes over Copyright*, and

Article 20 of the *Chinese Anti-unfair Competition Law,* the three Defendants shall bear the corresponding civil liabilities.

Therefore, the Plaintiff earnestly requests your court to make a judgment as follows: the three Defendants shall cease the infringements, jointly compensate the Plaintiff for RMB167,090 (around US$23,900) together with reasonable fees for preventing the three Defendants' infringements, bear the litigation fee, and make a public apology to the Plaintiff in order to eliminate the detrimental effects.

**In SUMMARY,** the Plaintiff contends that the three Defendants' conducts have breached the *Chinese Copyright Law,* the *Chinese Anti-unfair Competition Law* and the relevant laws and regulations and thus infringed the Plaintiff's legitimate rights and interests.   In order to protect its legitimate rights and interest, the Plaintiff has filed the litigation with your court and earnestly requests your court to make a decision according to relevant laws and regulations.

To
Foshan Shunde District People's Court

Plaintiff: American Petroleum Institute
Attorney: WANG Zheng, XIANG Fei