UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF AMERICAN PETROLEUM INSTITUTE FOR ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No.: C 11-80008 JF (PSG)<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(A)**<br><br>**(Re: Docket No. 1)** |

American Petroleum Institute ("API") has applied to this court for an order to obtain discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a). API seeks an order to authorize a subpoena requiring Google Inc. ("Google"), a resident of Mountain View, California, to provide documents for use in connection with six cases in China involving copyright, trademark, and unfair competition claims asserted against the owners of the engineeringsky.com website ("Engineeringsky"). API argues that because Engineeringsky advertises its website online via Google, Google has information relevant to API's actions against Engineeringsky in China. The proposed subpoena seeks documents sufficient to identify:

1. all of Engineeringsky's sponsored-link advertisements distributed by Google;
2. the amount and dates of Engineeringsky's payments to Google;
3. the search terms that generated Google's display of the Engineeringsky's sponsored-link advertisements on Google's main google.com website;
4. the domain names which identify the Publishers' Websites on which Engineeringsky's sponsored-link advertisements appeared and/or appear;
5. the Publishers' names and contact information, including, but not limited to, the Publishers for the apistandards.com website; and

6.  the amounts of Google's payments to each of the Publishers, including, but not limited to, the Publishers for the apistandards.com website.

## I. LEGAL STANDARD

A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person.[1]

However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so.[2] The Supreme Court has identified several factors that a court should take into consideration in ruling on a § 1782 request:

> "(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests."[3]

It is common for the process of presenting the request to a court to obtain the order authorizing discovery to be conducted *ex parte*.[4] Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.[5]

## II. DISCUSSION

**A. AUTHORITY TO ISSUE SUBPOENA**

As stated above, a district court is authorized to grant a § 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to

---

[1] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, No. 10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[2] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[3] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (*citing Intel*, 542 U.S. at 264-65).

[4] *See In re Republic of Ecuador*, 2010 WL 3702427, at *2

[5] *Id.*

which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person.[6]

The court has reviewed API's application and has preliminarily determined that the statutory requirements have been satisfied. First, Google is located in Mountain View, California, which is located in this district. Second, there are six court actions that have been initiated against Engineeringsky in China.[7] Finally, there can be no real dispute that API qualifies as an interested person because it is the plaintiff in the cases in China.[8]

**B. DISCRETIONARY FACTORS**

Having concluded that it has the authority to issue the subpoena, the court now turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena. The court makes the preliminary determination that these factors largely weigh in favor of issuance of the subpoena.

**1. JURISDICTIONAL REACH OF FOREIGN TRIBUNAL**

The Supreme Court has noted that,

"when the person from whom discovery is sought is a participant in the foreign proceeding …, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."[9]

In the instant case, Google is not a party in the China cases, and therefore this factor weighs in API's favor.

**2. NATURE AND RECEPTIVITY OF FOREIGN TRIBUNAL**

---

[6] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, No. 10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[7] *See* 1/14/11 B. Brett Heavner Decl. ¶ 5 (Docket No. 2).

[8] *Intel*, 542 U.S. at 256 (stating that an interested person under § 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is "[n]o doubt [that] litigants are included among, and may be the most common example").

[9] *Id.* at 264.

API argues that China would be receptive to U.S. federal-court jurisdictional assistance. In support of this argument, API points outs that the Law of Civil Procedure of the People's Republic of China allows for discovery in litigation, and thus there is no reason to believe that the Chinese court would be unreceptive to evidence collected through discovery conducted pursuant to this subpoena.[10] The court does not have sufficient evidence to determine whether China would be receptive to U.S. federal-court jurisdictional assistance. This factor therefore is treated as neutral.

### 3. ATTEMPT TO CIRCUMVENT FOREIGN PROOF-GATHERING RESTRICTIONS AND POLICIES

There is nothing to suggest that API's § 1782 request is an attempt to circumvent foreign proof-gathering restrictions. API represents that no such restrictions or policies exist and the requested discovery is consistent with the type of discovery available in the Chinese proceedings. Accordingly, this factor weighs in API's favor.

### 4. UNDUE INTRUSION OR BURDEN

API has requested six categories of documents, that on their face, do not appear to be unduly intrusive or burdensome and appear to be related to the claims in the Chinese proceedings.

### III. CONCLUSION

For the reasons discussed above, API's application is GRANTED. API may serve the subpoena attached as Exhibit B to its application, without prejudice to any motion to quash that Google or any other appropriate party may wish to file.

Dated: April 7, 2011

                                                          PAUL S. GREWAL
                                                          United States Magistrate Judge

---

[10] *See* 1/14/11 *Ex Parte* Application at 7:18-8:1 (Docket No. 1).